

FILED
SUPERIOR COURT
OF GUAM

2020 SEP 24 AM 8: 47

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

SEAN CHRISTOPHER CONVENTO,

Petitioner,

vs.

DEPARTMENT OF PUBLIC HEALTH AND
SOCIAL SERVICES

GOVERNMENT OF GUAM,

Respondents.

**Superior Court Case No. SP0131-20**

**DECISION AND ORDER**

Upon the conclusion of the evidentiary hearing on September 18, 2020, the Court issued a ruling from the bench in favor of Petitioner Sean Christopher Convento. The Court found that Respondent Department of Public Health and Social Services failed to comply with Guam law in quarantining Convento. This Decision and Order memorializes the Court's ruling.

## I. PROCEDURAL BACKGROUND

On September 16, 2020, Convento petitioned for a writ of habeas corpus, pursuant to 48 USCA § 1421b(e), 8 G.C.A. § 135.10, and 10 G.C.A. § 19605(c)(1). From September 17 to 18, 2020, the Court heard testimony from DPHSS Director Arthur San Agustin and DPHSS COVID-19 Containment/Isolation Lead Chima Mbakwem. Neither party called Convento as a witness, although the Court accepts Convento's unrebutted statements made in his Verified

Petition. The Court consolidated the evidentiary hearing in this case with other matters

involving DPHSS' quarantine and DPHSS Guidance Memo 2020-11 Rev7 ("Rev7").[1]

## II.    FINDINGS OF FACT

The Court makes the following findings of fact by a preponderance of the evidence:

1. Convento entered quarantine on September 7, 2020, following a flight into Guam from

   Seattle, Washington. V. Pet. ¶ 46.

2. Upon arrival in Guam Respondents provided a Voluntary Quarantine Form to Convento

   without explaining whether he could refuse to sign and if so, what the procedures would

   be in the alternative. V. Pet. ¶ 40.

3. Respondents then transported Convento to the Dusit Thani, a government quarantine

   facility, for a 14-day quarantine.

4. As of the hearing date, Covento had been held in excess of ten days.

## III.   LAW AND DISCUSSION

Convento argues that Respondents failed to undertake quarantine in strict compliance

with 10 G.C.A. 19605(a) or (b) and, for that reason, the continued quarantine of Petitioner in a

government facility is extralegal and therefore void. As Convento entered Guam on September

7, the Court analyzes the legality of his quarantine pursuant to Executive Order ("EO") 2020-29.[2]

Under EO 2020-29, issued on August 27, 2020, the Governor mandated the quarantine

of all incoming travelers:

> Pursuant to Section 3333, Article 3, Chapter 3, Title 10, Guam Code Annotated,
> all persons entering Guam shall be subject to quarantine pursuant to this Section
> and Section 19604 and 19605 of Article 6, Chapter 19, Title 10, Guam Code
> Annotated. Such quarantine will be administered in accordance with applicable

---

[1] SP0129-20; SP0130-20; and SP0132-20.
[2] EO 2020-29 remained in full force and effect in later Executive Orders.

DPHSS Guidance, which shall include quarantine in a government qualified facility.

In *Igros v. DPHSS,* SP0127-20, this Court construed EO 2020-29 as mandating that DPHSS follow section 19605 when quarantining individuals entering Guam. Accordingly, the Court turns to whether DPHSS quarantined Convento in accordance with section 19605.

As explained in *Igros*, section 19605 provides two ways in which DPHSS may quarantine individuals. Under section 19605(a)(1) DPHSS was required to quarantine Convento "through a written directive." Like in *Igros*, DPHSS failed to provide Convento a written directive.

Next, section 19605(a)(4) requires DPHSS to petition the court within 10 days after issuing the written directive to continue the quarantine. In *Igros*, the petitioners were in their 10th day of quarantine. This Court found that DPHSS' Opposition brief qualified as a petition to seek a further quarantine. This Court then proceeded to decide whether DPHSS has shown that the quarantine is reasonably necessary to prevent or limit the transmission of a contagious or possibly contagious disease to others. 10 GCA § 19605(b)(5).

Similarly to the Igroses, Convento had reached his 10th day of quarantine and in fact was on his 11th day. Unlike in *Igros*, however, no petition has been filed for the continued quarantine of Convento. Accordingly, not only was no written directive issued, DPHSS completely disregarded the petition requirement.

At the evidentiary hearing and in its briefs, DPHSS has cited this Court and others about the need to defer to public health authorities in times of pandemics. The Court heard extensive evidence regarding the statistics that explain why DPHSS takes the measures it takes. Had this proceeding proceeded faithfully under the governing statutes, then the Court would be required

to examine if Covento's continued quarantine is reasonably necessary. However, since DPHSS has not complied with Guam law with respect to Convento's due process rights, the Court is left with no statutory means under Article 6 to continue his quarantine at a government facility. Accordingly, the Court ORDERS DPHSS to immediately release Convento from his quarantine at a government facility.

## IV.    CONCLUSION AND ORDER

DPHSS is ORDERED to release Convento as it failed to comply with section 19605 and has held him in excess of statutory limitations.[3]

At a later time, the Court will issue an order for briefing concerning Convento's request for attorney's fees.

SO ORDERED this 24th day of September 2020 nunc pro tunc to 18 September 2020.

_____
**HON. ELYZE M. IRIARTE**
Judge, Superior Court of Guam

Appearing Attorneys:
Thomas J. Fisher, Esq., for Petitioner Sean Christopher Convento
Assistant Attorneys General Sandra Miller, Joseph A. Perez and Janice M. Camacho for
      Respondent Department of Public Health and Social Services

---

[3] The Court declines to address other grounds for relief, including constitutional due process bases for relief.